**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROGER SAUL and ALMA A. SAUL,

       Plaintiffs,

vs.                                      No. CIV 24-0442 JB/SCY

U.S. BANK NATIONAL ASSOCIATION,

       Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiffs' Showing of Cause and Amended Civil Complaint for Fraud, filed May 20, 2024 (Doc. 5)("Amended Complaint"). Plaintiffs Roger Saul and Alma A. Saul ("the Sauls") appear pro se. For the reasons set out below, the Court will dismiss this case with prejudice for failure to state a claim upon which relief can be granted.

## PROCEDURAL BACKGROUND

This case arises from Defendant U.S. Bank National Association's alleged actions related to a foreclosure action in State court. See Civil Complaint for Fraud, filed May 7, 2024 (Doc. 1)("Complaint"). The Sauls allege "Defendant caused the Plaintiffs harm with false representations during its 're-prosecuting' of a dismissed foreclosure case [2017]," Complaint ¶ 1, at 3 (brackets in original)(quoting History (Ex. 1) at 5, filed May 7, 2024 (Doc. 1)) and that "Plaintiffs relied on Defendant['s] representations portending: *'Default foreclosure judgment . . . order for foreclosure sale,'*" Complaint ¶ 2, at 3 (emphasis in original)(source of quoted material not cited).

The Honorable Steven C. Yarbrough, United States Magistrate Judge for the United States

District Court for the District of New Mexico, notified the Sauls:

There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."

*Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiffs state: "Jurisdiction in United States District Court is proper. Plaintiff attacks state court judgments, valid on its face, in a federal court, on the grounds of fraud as a basis for relief in Federal Courts." Complaint at 2. Plaintiffs cite Rule 60(b) of the Federal Rules of Civil Procedure which provides for relief from judgments in United States District Courts on several grounds including fraud. *See* Fed. R. Civ. P. 60(b). Plaintiffs, however, cite no authority for the proposition that Rule 60(b) provides relief from a *state court* judgment as opposed to relief in a federal case. Simply put, Rule 60(b) is not a mechanism for relief from state court judgments.

Further, Plaintiffs' allegations do not satisfy the requirements for diversity jurisdiction. *See* Complaint at 1. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). Plaintiffs have not alleged that there is complete diversity of citizenship between Plaintiffs and Defendant.

It appears the Court should dismiss this case because the Complaint does not show that the Court jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

Order to Show Cause at 2-3, filed May 9, 2024 (Doc. 4)(emphasis in original).  Magistrate Judge

Yarbrough ordered the Sauls to show cause why the Court should not dismiss this case for lack of

jurisdiction and why the Sauls should not file an amended complaint.  See Order to Show Cause

at 5.

In their Amended Complaint, the Sauls now assert that the Court has federal question

jurisdiction, because the case arises under 18 U.S.C. § 1341, the mail fraud statute.  See Amended

Complaint ¶ 3, at 2.  Section 1341 of Title 18 of the United States Code -- titled Frauds and

swindles -- provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud,
> or for obtaining money or property by means of false or fraudulent pretenses,
> representations, or promises, or to sell, dispose of, loan, exchange, alter, give away,
> distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious
> coin, obligation, security, or other article, or anything represented to be or intimated
> or held out to be such counterfeit or spurious article, for the purpose of executing
> such scheme or artifice or attempting so to do, places in any post office or
> authorized depository for mail matter, any matter or thing whatever to be sent or
> delivered by the Postal Service, or deposits or causes to be deposited any matter or
> thing whatever to be sent or delivered by any private or commercial interstate
> carrier, or takes or receives therefrom, any such matter or thing, or knowingly
> causes to be delivered by mail or such carrier according to the direction thereon, or
> at the place at which it is directed to be delivered by the person to whom it is
> addressed, any such matter or thing, shall be fined under this title or imprisoned not
> more than 20 years, or both.  If the violation occurs in relation to, or involving any
> benefit authorized, transported, transmitted, transferred, disbursed, or paid in
> connection with, a presidentially declared major disaster or emergency (as those
> terms are defined in section 102 of the Robert T. Stafford Disaster Relief and
> Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such
> person shall be fined not more than $1,000,000 or imprisoned not more than 30
> years, or both.

18 U.S.C. § 1341.  The Sauls do not assert any other basis for federal question or diversity

jurisdiction.

## <u>LAW REGARDING PRO SE LITIGANTS</u>

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite his failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." <u>Hall v. Bellmon</u>, 935 F.2d at 1110. The Court, however, will not "assume the role of advocate for the pro se litigant." <u>Hall v. Bellmon</u>, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." <u>Ogden v. San Juan Cnty.</u>, 32 F.3d 452, 455 (10th Cir. 1994).

## <u>LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)</u>

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)("<u>Twombly</u>"). A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" <u>Curley v. Perry</u>, 246 F.3d at 1282 (quoting <u>Hall v. Bellmon</u>, 935 F.3d 1106, 1110 (10th Cir. 1991)).

**LAW REGARDING RULE 12(b)(6)**

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby , J.).  The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v.

Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis in original).  The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  [Bell Atl. Corp. v. Twombly, 550 U.S. at 570.]  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.).

Although affirmative defenses generally must be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions.  First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense; the courts handle these cases differently than other motions to dismiss.  See Robbins v. Oklahoma, 519 F.3d at 1247; Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)).  Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the face of the complaint.  See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(Hill, J.)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint

itself, the motion may be disposed of under this rule."). The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish. See 5 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004). If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6). See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute. The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or whether the plaintiff merely may argue the supporting facts in response to the motion. Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(Major, J.)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense). From case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates. See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(Ripple, J.). Although the Tenth Circuit has not addressed squarely this practice, the Court has permitted this practice. See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188, 1227-28 (D.N.M. 2014)(Browning, J.).

## LAW REGARDING FEDERAL QUESTION JURISDICTION

A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)(citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936)).  As "the master of the claim," the plaintiff may choose to sue in state court rather than in federal court "by exclusive reliance on state law."  Caterpillar, Inc. v. Williams, 482 U.S. at 392.

The defendant may not try to sneak a federal question through the back door by raising a federal defense, for "it is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar, Inc. v. Williams, 482 U.S. at 393 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983)).  See Nicodemus v. Union Pac. Corp., 318 F.3d 1231, 1236 (10th Cir. 2003)("It is well settled that '[a] defense that raises a federal question is inadequate to confer federal jurisdiction.'" (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986))).  While a plaintiff is free to plead a federal question in his complaint, "a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."  Caterpillar, Inc. v. Williams, 482 U.S. at 399.  Even the plaintiff can only go so far in attempting to invoke federal-question jurisdiction, because "[a]ny statements in the complaint which go beyond a statement of the plaintiff's claim and anticipate or reply to a probable defense

- 8 -

are to be disregarded" in deciding whether federal question jurisdiction exists.  Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 481 (10th Cir. 1975).

In addition to the requirement that the federal question appear on the face of the complaint, a "plaintiff's cause of action must either be (i) created by federal law, or (ii) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" Nicodemus v. Union Pac. Corp., 318 F.3d at 1235 (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. at 808). As for the second method, beyond the requirement of a substantial question of federal law at the heart of the case, the federal question must also be "contested."  Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005).  Finally, the exercise of federal-question jurisdiction must also be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."  Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. at 318-19 (explaining that "there must always be an assessment of any disruptive portent in exercising federal jurisdiction" in accepting "garden variety" state law claims).

In Bar J Sand & Gravel, Inc. v. W. Mobil N.M. Inc., No. Civ. 05-800, 2005 WL 3663689 (D.N.M. September 29, 2005)(Browning, J.), the plaintiff's complaint stated causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and unfair trade practices. See 2005 WL 3663689, at *7.  The defendants argued that a federal question was apparent on the face of the complaint

> because, as a necessary first step in proving a breach of contract, Bar J [Sand and Gravel, Inc.,] must show that a valid contract actually exists between Bar J and the Defendants. To establish that the parties entered into a valid contract, Bar J must show that all conditions precedent were met, including Bar J's possession of a valid [Sand and Gravel] Permit [that the Pueblo of San Felipe issued to Bar J Trucking, Inc.].  In turn, whether Bar J acquired a valid Permit requires reference to the federal regulations governing the issuance of those permits.  Reaching the last link in their

chain of argument, the Defendants assert that the federal question is whether the creation of the Permit complied with those regulations.

Bar J Sand & Gravel, Inc. v. W. Mobil N.M. Inc., 2005 WL 3663689, at *8 (citations to the record omitted).  The Court determined that the defendants' argument confused "a condition precedent to contract performance with a condition precedent to contract formation," and that the argument was raising an issue of federal law as a potential defense, rather than as an element of the plaintiff's case; as such, the issue did not appear on the face of the plaintiff's complaint.  2005 WL 3663689, at *8-9 (emphasis in original).  The defendants also argued that a decision whether the plaintiffs validly assigned the permit to the defendants would raise an issue of federal law, because, "[u]nder federal regulations, an assignment of the Permit would be invalid without approval by the Secretary of the Interior";  the Court rejected this argument, because the plaintiff did not request "vindication of any assignment" in the complaint, and the Court determined the plaintiff was justified in that choice.  2005 WL 3663689, at *9.  The Court further determined that the Supreme Court's decision in Grable & Sons Metal Prods. v. Darue Eng'g & Mfg. did not change the result, because,

> [u]nlike Grable, Bar J does not premise its breach of contract claim on any point of federal law. Bar J does not assert that it has a right to recover from the Defendants because of the existence of some federal law.  See McCready v. White, 417 F.3d 700, 2005 U.S.App. LEXIS 15833 (7th Cir. August 2, 2005)(finding it "not hard to see a source of federal jurisdiction" because the plaintiff charged that 18 U.S.C. §§ 2721-25 required the defendant to release records in its possession).  Bar J argues neither that the Defendants violated a federal statute nor that the ESA's validity requires the interpretation or application of any provision of the United States Code.

2005 WL 3663689, at *12.  The Court concluded that, because the plaintiff grounded its right to relief in "basic contract law," without "referencing any federal law," the well-pleaded complaint did not raise an issue of federal law and, thus, the Court did not have federal-question jurisdiction.  2005 WL 3663689, at *13.

In <u>Olsen v. Quality Continuum Hospice, Inc.</u>, 380 F. Supp. 2d 1225 (D.N.M. 2004)(Browning, J.), the Court determined that the plaintiff's claims did not present any federal questions; although the plaintiff asserted that the defendants violated the "United States Social Security Act of 1968 [and] . . . the Medicare program,"[1] the Court concluded that those provisions do not create a private right of action and, thus, did not create the plaintiff's causes of action. 380 F. Supp. 2d at 1229. The Court also determined that, because the plaintiff's causes of action were essentially medical malpractice claims, and arose under New Mexico common law or New Mexico statutes, they would not depend on resolution of a question of federal law. <u>See</u> 380 F. Supp. 2d at 1230-31.

## LAW REGARDING IMPLIED STATUTORY PRIVATE RIGHTS<br>OF ACTION IN FEDERAL STATUTES

Generally speaking, the Supreme Court of the United States is reluctant to create private rights of action to enforce federal laws that do not contain them. <u>See</u> Erwin Chemerinsky, <u>Federal Jurisdiction</u> § 6.3.3, at 432 (8th ed. 2021). This "reluctance to create causes of action reflects both separation of powers and federalism concerns." Chemerinsky, <u>supra</u>, at § 6.3.3, at 433. <u>See</u> <u>Cannon v. Univ. of Chicago</u>, 441 U.S. 677, 730 (1979)(Powell, J., dissenting)(criticizing the Supreme Court's previous case law that more readily recognized implied causes of action, stating: "[T]he mode of analysis we have applied in the recent past cannot be squared with the doctrine of the separation of powers. The time has come to reappraise our standards for the judicial implication of private causes of action."). Although the Supreme Court historically has taken various approaches to identifying whether a federal stature creates an implied cause of action, <u>see</u>

---

[1] Social Security Act of 1965, Pub. L. 89-97, 79 Stat. 286, and Medicare Prescription Drug, Improvement, and Modernization Act of 2003, Pub. L. 108-173, 117 Stat. 2066.

J. I. Case Co. v. Borak, 377 U.S. 426, 431-433 (1964), Touche Ross & Co. v. Redington, 442 U.S.

560, 578 (1979), articulates the contemporary approach, wherein the Supreme Court held that it

will not create a private right of action based on a federal statue unless there is affirmative evidence

of Congress' intent to create such a right of action, see Touche Ross & Co. v. Redington, 442 U.S.

568-76.

      This analysis is aided by various considerations.  Before Touche Ross & Co. v. Redington,

the Supreme Court applied a four-factor test in Cort v. Ash, 422 U.S. 66, 78 (1975), for determining

whether to recognize an implied private cause of action:

> First, is the plaintiff 'one of the class for whose especial benefit the statute was
> enacted,' Texas & Pacific R. Co. v. Rigsby, 241 U.S. 33, 39 . . . (1916) (emphasis
> supplied) -- that is, does the statute create a federal right in favor of the plaintiff?
> Second, is there any indication of legislative intent, explicit or implicit, either to
> create such a remedy or to deny one?  See, e.g., National Railroad Passenger Corp.
> v. National Assn. of Railroad Passengers, 414 U.S. 453, 458, 460 . . . (1974)
> (Amtrak). Third, is it consistent with the underlying purposes of the legislative
> scheme to imply such a remedy for the plaintiff?  See, e.g., Amtrak, supra;
> Securities Investor Protection Corp. v. Barbour, 421 U.S. 412, 423 . . . (1975);
> Calhoon v. Harvey, 379 U.S. 134 . . . (1964).  And finally, is the cause of action one
> traditionally relegated to state law, in an area basically the concern of the States, so
> that it would be inappropriate to infer a cause of action based solely on federal law?
> See Wheeldin v. Wheeler, 373 U.S. 647, 652 . . . (1963); cf. J.I. Case Co. v. Borak,
> 377 U.S. 426, 434 . . . (1964); Bivens v. Six Unknown Federal Narcotics Agents,
> 403 U.S. 388, 394-395 . . . (1971); id., at 400 . . . (Harlan, J., concurring in
> judgment).

Cort v. Ash, 422 U.S. at 78 (formatting added).  In Touche Ross & Co. v. Redington, however, the

Supreme Court narrowed the Cort v. Ash test's application, and emphasized the importance of

determining legislative intent:

> It is true that in *Cort v. Ash,* the Court set forth four factors that it considered
> "relevant" in determining whether a private remedy is implicit in a statute not
> expressly providing one.  But the Court did not decide that each of these factors is
> entitled to equal weight.  The central inquiry remains whether Congress intended
> to create, either expressly or by implication, a private cause of action.  Indeed, the
> first three factors discussed in *Cort* -- the language and focus of the statute, its

legislative history, and its purpose, see 422 U.S., at 78 . . . -- are ones traditionally relied upon in determining legislative intent.

Touche Ross & Co. v. Redington, 442 U.S. at 575-76.  Indeed, in a later concurring opinion, the Honorable Antonin Scalia, Associate Justice for the Supreme Court of the United States, wrote that Cort v. Ash's analysis on the question of implied rights of action had been "effectively overruled by our later opinions."  Thompson v. Thompson, 484 U.S. 174, 188 (1988)(Scalia, J., concurring). That said, the Supreme Court has not formally overruled Cort v. Ash, and the Court understands Touche Ross & Co. v. Redington, to instruct that the Cort v. Ash factors remain relevant analytical considerations for determining the "central inquiry" of congressional intent.  Touche Ross & Co. v. Redington, 442 U.S. at 575-76.

## ANALYSIS

Having carefully reviewed the Amended Complaint and the relevant law, the Court concludes that: (i) while the Sauls have properly invoked the jurisdiction of the Court, (ii) the Court will dismiss this case with prejudice for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  As to the first issue -- jurisdiction -- the Court concludes that the Sauls properly have invoked the Court's jurisdiction under 28 U.S.C. § 1331.  The Amended Complaint asserts a cause of action under federal law, namely, 18 U.S.C. § 1341.  See Amended Complaint ¶¶ 2-4 at 2.  See Caterpillar, Inc. v. Williams, 482 U.S. at 392.  Whether this statute contains a private right of action is not a jurisdictional question.  See Air Courier Conf. of Am. v. Am. Postal Workers Union AFL-CIO, 498 U.S. 517, 523 n.3 (1991)("Whether a cause of action exists is not a question of jurisdiction, and may be assumed without being decided." (citing Burks v. Lasker, 441 U.S. 471, 476 n.5 (1979))).

Although the Sauls properly have invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court concludes that the federal statute on which their claim is based -- 18 U.S.C. § 1341 --

does not contain a private right of action, either explicit or implied.  The statute, cited in full earlier in this opinion, see Procedural Background, supra, at 3, states only that a person who violates the prohibitions outlined in the statute "shall be fined under this title or imprisoned not more than 20 years, or both," or, if the offense relates to or involves "a presidentially declared major disaster or emergency . . . or affects a financial institution," that violator "shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."   18 U.S.C. § 1341.   The Court concludes that this statute, by its terms, does not grant any private rights to any identifiable class of individuals.  See Touche Ross & Co. v. Redington, 442 U.S. at 576.

As for an implied private cause of action, the Court first notes that the Supreme Court has stated that it has, historically, "been quite reluctant to infer a private right of action from a criminal prohibition alone."  Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 190 (1994).  See Cort v. Ash, 422 U.S. at 79-80 (declining to create an inferred private right of action when "there was nothing more than a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone").  As for the statute in this case, the Supreme Court reviewed the legislative history of 18 U.S.C. § 1341 in McNally v. United States, 483 U.S. 350 (1987)(White, J.).  There, the Supreme Court notes that the statute was "first enacted in 1872, as part of a recodification of the postal laws," and, at that time, "contained a general proscription against using the mails to initiate correspondence in furtherance of 'any scheme or artifice to defraud.'"  483 U.S. at 356 (source of quoted material not cited).  The Supreme Court also cites an 1870 statement that United States Representative John Farnsworth, of Illinois, made; Representative Farnsworth sponsored the original bill and stated that "measures were needed 'to prevent the frauds which are mostly gotten up in the large cities . . . by thieves, forgers, and rapscallions generally, for the purpose of deceiving and fleecing the innocent people in the

- 14 -

country.'"  McNally v. United States, 483 U.S. at 356 (quoting Cong. Globe, 41st Cong., 3d Sess., 35 (1870)(remarks of Rep. Farnsworth)).  The Supreme Court concludes that, "[i]nsofar as the sparse legislative history reveals anything, it indicates that the original impetus behind the mail fraud statute was to protect the people from schemes to deprive them of their money or property." McNally v. United States, 483 U.S. at 356.

While McNally v. United States is not a case about whether 18 U.S.C. § 1341 provides an implied private right of action, this history is nevertheless instructive in considering "whether Congress intended to create, either expressly or by implication, a private cause of action." Touche Ross & Co. v. Redington, 442 U.S. at 575-76.  In the absence of any indications to the contrary, the Court concludes, as it has once before, see Aicher v. Ali, No. CV 15-0552, 2016 WL 3129628, at *6 (D.N.M. May 31, 2016)(Browning, J.), that 18 U.S.C. § 1341 does not create an implied private cause of action.  The Court also notes that, although the United States Court of Appeals for the Tenth Circuit has yet to rule on this question, the Court's conclusion that 18 U.S.C. § 1341 does not create an implied cause of action follows every other Court of Appeals that has considered the question.  See Ryan v. Ohio Edison Co., 611 F.2d 1170, 1178 (6th Cir. 1979)(holding that the "plaintiffs do not have a private cause of action under" 18 U.S.C. § 1341); Bell v. Health-Mor, Inc., 549 F.2d 342, 346 (5th Cir. 1977)(stating that the "plaintiffs maintain that they have a private right of action under the Federal Mail Fraud  . . . statute[]," but noting that prior precedent "forecloses any such claim of a private right of action under these statutes"); Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 408 (8th Cir. 1999)("[W]e agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes.").  Cf. Wilcox v. First Interstate Bank of Oregon, N.A., 815 F.2d 522, 533 (9th Cir. 1987)(Boochever, J., dissenting in part)("Other than in the context of RICO,

federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341.").

In sum, because the Amended Complaint's cause of action is based solely on 18 U.S.C. § 1341, and that statute does not confer a private right of action, the Court concludes that the Amended Complaint fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  Accordingly, the Court dismisses the Sauls' claims for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that: (i) the Plaintiffs' Showing of Cause and Amended Civil Complaint for Fraud, filed May 20, 2024 (Doc. 5), is dismissed with prejudice; (ii) this case is dismissed with prejudice; and (iii) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Roger Saul
Albuquerque, New Mexico

    *Plaintiff pro se*

Alma A. Saul
Albuquerque, New Mexico

    *Plaintiff pro se*